UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RODNEY SPAULDING,

    Plaintiff,

v.                                    **COMPLAINT**
                                      Case Number: 2:25-cv-1026

STELLA & CHEWY'S LLC,

    Defendant.

Plaintiff Rodney Spaulding bases his Complaint against Defendant Stella & Chewy's LLC, on the following allegations:

### NATURE OF THE CASE

1. Plaintiff Rodney Spaulding brings suit under the Employee Retirement Income Security Act of 1974, ("ERISA") [29 U.S.C. §1001 *et. seq.*, (1988),] against Defendant Stella & Chewy's LLC to recover unpaid vested deferred compensation due under a contractual compensation agreement.

2. Spaulding brings additional state law claims for breach of contract, violation of the covenant of good faith and fair dealing, and promissory estoppel.

### JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's ERISA claims is conferred on this Court by 28 U.S.C. §1331, and ERISA §502(e)(2); [29 U.S.C. §1132(e)].

4. Supplemental jurisdiction over Spaulding's claims for breach of contract, violation of the covenant of good faith and fair dealing, and promissory estoppel, is conferred on this court by 28 U.S.C. § 1367.

5. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391 because Defendant is domiciled in the Eastern District and Defendant's unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

6. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## PARTIES

7. Plaintiff Rodney Spaulding is an adult who resides at 2625 River Ridge Drive, Waukesha, WI 53189.

8. Defendant Stella & Chewy's LLC ("Stella & Chewy's") is a Delaware limited liability company that operates a pet food business from its principal offices located at 111 W. Oakview Pkwy, Oak Creek, WI 53154. Stella & Chewy's engages in an industry affecting commerce and has had significant and continuous business contacts throughout the State of Wisconsin.

## OPERATIVE FACTS

9. On June 23, 2023, Defendant Stella & Chewy's offered Spaulding the position of Director of Financial Planning and Analysis – Operations, reporting to Steve Ziebell, Sr. Director, Financial Planning and Analysis.

10. Stella & Chewy's June 23, 2023 employment offer included, "Profit[s] Units: As soon as reasonably practicable following the Effective Date, the Company will grant you 500 Class B Economic Interest Units pursuant to the terms and conditions of the Company's Fifth Amended and Restated Operating Agreement (as amended) and the grant agreement." Stella &

Chewy's represented to Spaulding that the Economic Interest Units were worth $40,000 at the time.

11. Spaulding accepted Stella & Chewy's offer and commenced employment with the company on or about July 23, 2023.

12. Spaulding performed his job to the reasonable expectations of Stella & Chewy's.

13. Stella & Chewy's terminated Spaulding's employment on or about October 30, 2024 for reasons unrelated to Spaulding's job performance.

14. On or about October 30, 2024, Stella & Chewy's provided Spaulding with written notice of his employment separation, stating in pertinent part, "[u]nder your offer letter dated June 23, 2023, you were promised a grant of 500 Class B Economic Interest Units pursuant to the terms and conditions of the Company's Fifth Amended and Restated Operating Agreement (as amended) and the grant agreement." Stella & Chewy's further stated falsely that, "[i]n accordance with the Operating Agreement, as of the date of your separation, the Fair Market Value of the Profits Units is zero. As a result, the Profits Units do not have any value and the Company hereby notifies you that the grant of Profits Units is forfeited and automatically cancelled for no value."

15. As of October 2022, Stella & Chewy's total equity value was $750,000,000.

16. Upon information and belief, Stella & Chewy's equity value had increased after it granted Spaulding the Profits Units.

17. Stella & Chewy's refused and continues to refuse to pay Spaulding for his Profits Units.

18. Stella & Chewy's has unreasonably refused to compensate Spaulding for his Profits Units pursuant to the Plan and ERISA.

19. Stella & Chewy's refusal to pay has caused Spaulding to lose his Profits Units and to incur expenses in his efforts to collect his Profits Units.

## FIRST COUNT
## ERISA §502(a)(1)(B)

20. As and for a first count, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

21. The allegations of this Complaint raise violations of ERISA §§502(a)(1)(B), [29 U.S.C. §§1132(a)(1)(B)] by Stella & Chewy's improper refusal to pay Spaulding his deferred compensation benefits under the Plan.

## SECOND COUNT
## BREACH OF CONTRACT

22. As and for a second alternate count, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

23. The allegations more particularly described above constitute an offer and acceptance of a contract supported by consideration, that was breached by Stella & Chewy's when it refused to pay Spaulding his earned Profits Units, causing Spaulding to suffer, without limitation, a loss of the benefits of his bargain.

## THIRD COUNT
## PROMISSORY ESTOPPEL

24. As and for a third alternate count, Spaulding re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

25. Stella & Chewy's promised Spaulding Profits Units, which Spaulding reasonably relied upon.

26. The allegations more particularly described above constitute circumstances underwhich Spaulding should receive compensation for the detriment caused by his reliance upon the promises that Stella & Chewy's intended for Spaulding to rely upon.

27. By reason of the foregoing promises by Stella & Chewy's, Spaulding has been caused to suffer a loss of Profits Units, litigation expenses, interest and attorney fees.

## FOURTH COUNT
## COVENANT OF GOOD FAITH AND FAIR DEALING

28. As and for a fourth alternate count, Spaulding re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

29. Stella & Chewy's had an affirmative duty pursuant to a covenant of good faith and fair dealing in its performance of business dealings and the enforcement of its contract for Spaulding's right to Profits Units.

30. Stella & Chewy's breached its covenant of good faith and fair dealing with Spaulding when it terminated Spaulding and refused to pay his Profits Units.

31. By reason of the foregoing breach of covenant of good faith and fair dealing by Stella & Chewy's, Spaulding has been caused to suffer compensatory and special damages, including but not limited to loss of benefits, and has otherwise been caused to be damaged thereby.

PLAINTIFF Rodney Spaulding demands relief as follows:

A. Judgment against Defendant awarding Plaintiff compensatory damages for losses of benefits pursuant to the Plan and ERISA;

B. Judgment against Defendant awarding Plaintiff compensatory damages for losses of benefits pursuant to Wisconsin common law;

C. Judgment against Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees, pursuant to the ERISA §502(g)(1), [29 U.S.C. §1132(g)]; and

D. Such other relief as the Court deems just and equitable.

Dated this 15th day of July, 2025.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN 1008953
Nicholas O. Yurk, SBN 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com